UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMEER EL,

                    Plaintiff,        CIVIL CASE NO. 08-10657

v.

INTERNAL REVENUE SERVICE and     HONORABLE PAUL V. GADOLA
CHRYSLER LLC,                      U.S. DISTRICT JUDGE

                    Defendants.
_____/

## **ORDER GRANTING DEFENDANT CHRYSLER LLC'S MOTION TO DISMISS**

On January 22, 2008, *pro se* Plaintiff Ameer El filed a complaint in the Wayne County Circuit Court against the United States of America, Internal Revenue Service and Chrysler LLC ("Chrysler"). Chrysler removed the cause of action, with the consent of the Internal Revenue Service, on February 15, 2008, alleging that jurisdiction was proper based upon federal question jurisdiction.

On February 21, 2008, Defendant Chrysler filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)(citations omitted).

Defendant Chrysler maintains that Plaintiff's complaint, although it cites to various federal statutes, is "largely unintelligible" and fails to state a claim upon which relief may be granted. Plaintiff did not file a response to Defendant Chrysler's motion to dismiss. Therefore, on March 31, 2008, the Court issued an order to show cause why Chrysler's unopposed motion to dismiss should not be granted. In response, Plaintiff filed a document entitled "Motion for Order to Show Cause." [docket entry #8]. Although docketed as a motion, the Court considers the filing a response to the March 31, 2008 Order to Show Cause. Plaintiff also inexplicably filed a "Notice of Removal," asking the Court to take notice that the case had been removed to Wayne County Circuit Court. [docket entry #9].

In the present case, because Plaintiff is proceeding *pro se*, the Court has liberally construed his filings in an attempt to determine whether any set of facts would entitle Plaintiff to relief. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)*; Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "[T]he party who brings a suit is the master to decide what law he will rely upon," *The Fair v. Kohler DieDecember 18, 2007 & Specialty Co.*, 228 U.S. 22, 25 (1913) (quoted in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, n. 7, 107 (1987)) and therefore, it is not the role of the Court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's complaint alleges that he has been an employee of Chrysler LLC for nearly ten years. Complaint, ¶ 2. According to Plaintiff, he was informed in 2006 by the IRS that he was deficient in his taxes but he refused an IRS offer to enter into a payment contract to satisfy the debt. *Id.* at 2-3. Plaintiff then received a "Notice of Intent to Levy" in the amount of $3,022.45. Subsequently, in March of 2007, Plaintiff's employer Chrysler commenced to garnish Plaintiff's

wages. *Id*. at 6.

Although Plaintiff cites to various sources including the Bible, the Torah, the Michigan Constitution, the Michigan Compiled Laws, and various federal statutes, the lynchpin of Plaintiff's claim appears to be his assertion that fraud was committed "by acting in a Matter where the implication could be inferred that taxes from a resident's wages are taxable by the Federal government tax collector, the Internal Revenue Service." [1] *Id.* at 12. Accordingly, Plaintiff seeks an order of the Court that "establishes and supports [the IRS's] jurisdiction and authority to Levy, marshal , rifle and remove plaintiff's personal funds," and an order "directed to CHRYSLER LLC, to cease and desist in its actions unless it provides the Court with documentation which establishes and supports its authority to withhold Federal Income Taxes." *Id.* at 13, 14.

Defendant Chrysler raises two arguments in its motion to dismiss. First, Chrysler argues that the complaint is "frivolous and nonsensical" and "fails to satisfy the pleading requirements under Fed. R. Civ. P. 8(a)(2) because it cannot possibly place Chrysler on notice about the nature of Plaintiff's purported claims." Def.'s Mot. to Dismiss, p. 4 [docket entry #3]. Second, Defendant Chrysler argues that even if the Court could construe a properly pleaded claim within the complaint, a claim based upon an objection to the withholding of income taxes is without merit.

The Court has reviewed Plaintiff's complaint and, liberally construing the claims asserted within it, concludes that Plaintiff's claim against Chrysler is succinctly stated as a challenge to Chrysler's authority to withhold federal taxes from Plaintiff's wages. Considering this claim, the

---

[1]The Court has included the Plaintiff's own language as it appears in the complaint. Only where necessary for clarification has the Court altered or added the language of Plaintiff's complaint.

Court agrees with Defendant Chrysler's position that the claim has no legal basis and therefore should be dismissed.

It is well established that the payment of income tax by individuals is not a voluntary act but is an affirmative obligation that is compelled by law. *See United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam); *Wilcox v. Commissioner of Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988). *See, e.g., Treglowne v. United States*, Case No. 99-CV-70323, 2000 WL 264677, *7-*8 (E.D. Mich. Jan.21, 2000)("The assertion that the filing of an income tax return is voluntary is, likewise, frivolous [because 26 U.S.C. § 6012(a)(1)(A) ] requires that every individual who earns a threshold level of income must file a tax return." (citations omitted)). This obligation is imposed on every individual. *See* 26 U.S.C. § 1. Furthermore, as Plaintiff's employer, Chrysler is required to withhold income taxes and Federal Insurance Contributions Act (FICA) taxes from Plaintiff's wages. *See* 26 U.S.C. § 3402(a), 3102(a); *Begier v. Internal Revenue Service*, 496 U.S. 53, 55 (1990). Therefore, assuming everything in Plaintiff's complaint is true, *see Minger*, 239 F.3d at 797, Defendant was required, by law, to withhold federal income taxes and FICA taxes from Plaintiff's wages. Therefore, Plaintiff's claim that Chrylser lacked authority to withhold federal income taxes does not raise a claim of entitlement to relief and will be dismissed. *See Bell Atl. Corp.*, 127 S. Ct. at 1966.

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant Chrysler LLC's motion to dismiss [docket entry #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Chrysler LLC is dismissed as a defendant

in this cause of action.

**IT IS FURTHER ORDERED** that, to the extent that Plaintiff's April 10, 2008 filing was docketed as a "Motion for Order to Show Cause," but considered by the Court as a response to the Court's March 31, 2008 Order to Show Cause, Plaintiff's motion [docket entry #8] is **DENIED**.

**SO ORDERED.**

Dated:  June 4, 2008  　　　　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Kyle R. Dufrane; Peter M. Kellett  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:　　　　　Ameer El　　　　　.

　　　　　　　　　　　　　　　　　　　　　　　　　s/Ruth A. Brissaud
　　　　　　　　　　　　　　　　　　　　　　　　　Ruth A. Brissaud, Case Manager
　　　　　　　　　　　　　　　　　　　　　　　　　(810) 341-7845